McKeen v. Allen. ·

CITED *in Winans* v. *Davis,* 3 *Harr.* 282; *Burgess* v. *Vreeland,* 4 *Zab.* 77; *Baker* v. *Baker,* 4 *Dutch.* 16; *Howland* v. *Adrian,* 1 *Vr.* 46; *Cummins* v. *Wire,* 2 *Hal. Ch.* 82; *McMurtrie* v. *Givans,* 2 *Beas.* 357.

## McKEEN v. ALLEN.

### In Error to Burlington Common Pleas.

An award that B. pay to A. the sum (of money therein mentioned) " within the space of sixty days; and that A. on the receipt of that sum, do deliver up to B. to be cancelled, *a certain bond bearing date the* 10*th day of December,* 1836," &c. is void for uncertainty.

*Moffatt* for plaintiff in error.

*J. H. Sloan,* contra.

The opinion of the Court, was delivered by

HORNBLOWER, C. J. This was an action of debt upon an award under seal. The submission, which was by parol, or rather in writing, not sealed, was, of all matters in difference between the parties in their own individual right, and between Allen, the plaintiff below, and McKeen, the defendant below, as surviving partner of one Taggart. The declaration sets out an award, by which the arbitrators did award and order " that the said Robert McKeen, the surviving partner of the said late firm of McKeen and Taggart and Robert McKeen, should pay to the said Joseph Allen, the sum of three hundred and fifty-six dollars and eighty-three cents, within sixty days from the date of said award," and then avers notice to McKeen; non-payment by him, and then concludes in the usual form. To this declaration

the defendant pleaded, first, nil debet; and secondly, no award ; and thereupon issue was joined. On the trial of the cause, the plaintiff gave in evidence, under the opinion of the court, in opposition to the defendant's objection, an award, by which the arbitrators awarded as follows : " that all suits &c., between the parties, in law or equity, for any matter or cause whatsoever, should cease &c., and that each party should pay their own costs &c., and that the said Robert McKeen, the surviving partner of the late firm of McKeen and Taggart and Robert McKeen, shall pay to the said Joseph Allen, the sum of &c., within the space of sixty days : and that the said Joseph Allen on the receipt of that sum of money, do deliver up to the said Robert McKeen, to be cancelled, a *certain bond, bearing date the 10th day of December*, 1836 : and lastly, that on payment of the said money by the said Robert McKeen to the said Joseph Allen, and the delivery of the said bond before mentioned, by the said Allen to the said McKeen, the said parties shall execute each to the other, sufficient acquittances &c." The plaintiff having rested, the defendant moved for a non suit, on several grounds, and among others, because the award given in evidence varied from the one declared on ; and because the award was void for uncertainty. This motion was overruled by the court, and the cause submitted to the jury, who rendered a verdict for the plaintiff.

The declaration in this case, was defectively drawn in several particulars ; and among others, in misreciting the award ; and making no averment, of a readiness on the part of the plaintiff to perform the concurrent acts required by the award, to be performed on his part. But it is unnecessary to notice them, since there is one objection to the award itself, which is fatal to the action. The award is clearly void, for uncertainty in that part of it which requires the plaintiff to deliver up to the defendant " a certain bond." He is, on the receipt of the money awarded, to " deliver to the said Robert McKeen, to be cancelled, a certain bond, bearing date the 10th December, 1836; but by whom made, to whom given, for how much money, or upon what condition, is left to be guessed at. Certainty, to a common intent is sufficient, *Hawkins* v. *Colclough*, 1 *Burr.* 271, but this is not so ; nor is it capable of being made certain by averment ; for there is no fact apparent on the face of the submission or award, to support an

averment; or by which, the bond directed to be given up, can be identified. In *Wohlenberg* v. *Lageman, 6 Taunton*, 251, the dispute between the parties related to a certain ship which had belonged to them ; and the award was that a certain debt should be paid by the parties, in proportion to the shares they had respectively held in that ship ; without stating what those shares were ; this was held to be sufficiently certain, because, there was no dispute between the parties, as to their respective interests in the ship ; the controversy being about other matters growing out of their employment of the vessel. In *Cargey* v. *Aitchison*, 2 *Dowl. and Ryl.* 222, the submission was of matters in difference, concerning the value of certain stock and goods ; and the sum that each party should contribute towards the payment of two thousand five hundred pounds, and the costs of certain actions. The award after settling their respective portions, was, that all such sums as the parties had already expended in respect of those actions, should be considered as part of their respective shares, as settled by that award. But the court refused to set aside the award for uncertainty, though they said they should hesitate to grant an attachment for non-performance ; but would leave the party to his remedy by action on the award. In that case, it will be perceived there was no dispute about the sums they had paid, but only as to what proportions of the original debt and costs, they were bound to pay ; and therefore the sums already paid by the parties, was matter of averment. But in the present case, while it is manifest, that the arbitrators did not mean that the defendant should pay the large sum of money awarded against him, without at the same time receiving a certain bond to be cancelled ; yet they have so utterly failed to identify any bond, that the uncertainty cannot be cured by any averment. Suppose McKeen had tendered the money to Allen, and at the same time demanded a bond to be given up to him : what bond was he to ask for ? or if McKeen had sued on this award for non-performance by Allen, how could he assign a breach in the non-delivery of the bond, intended by the arbitrators ?

In *Pope* v. *Brett*, 2 *Saund.* 292, the award was, that A. should be paid by B. money due to A., as well *for task work as for day work ;* and that then A. should pay B. twenty-five pounds ; and it was held void for uncertainty, the arbitrators not having stated

the amount to be paid for "task work &c." And Sergeant Williams in a note to that case, says, the principle seems to be well founded, that if by the nullity of the award, in any part, one of the parties cannot have the advantage intended him, as a recompense or consideration, for that which he is to do to the other, the award is void in the whole: and he cites in support of that position, several authorities. So in *Cockson* v. *Ogle, Lutw.* 550, an award that defendant should deliver certain goods and boxes, specifying them, and also "several books" without naming them, was held void for uncertainty. And in *Bedam* v. *Clerkson*, 1 *Lord Raym.* 123, an award, that the defendant should deliver to the plaintiff "a certain writing obligatory, or a certain bill obligatory, which he had before," was held to be ill; though in that case, inasmuch as by the terms of the award, the defendant was entitled to a general release on payment of eight pounds, and the plaintiff in a suit on the arbitration bond, had assigned no other breach but the non-payment thereof, the action was maintained. But it is useless to cite authorities on this point. They will be found collected or referred to, in *Watson on Arbitrations and Awards*, 120, &c. 11 *Law Lib.* 61, 62; and in *Brown* v. *Hankerson*, 3 *Cowen R* 70. Perhaps, after what was said, in *Sheppard* v. *Stites*, 2 *Halst. R.* 90, it was unnecessary to dwell so long upon this subject; but as the point seems not to have been much considered by the two judges who delivered opinions in that case, I have thought it my duty to look into it, with some care. In that case, the award was, that Sheppard should pay Stites, two hundred and twenty-seven dollars in three months; and that on receipt thereof, Stites, should deliver to him "a certain bond bearing date the 17th February, 1821." The Chief Justice (Kirkpatrick,) passed over the objection, by remarking, that he was inclined to think the award void for uncertainty; but yet, at the close of his opinion, he includes this objection, in the reasons he assigns for a reversal. The associate justice seemed to think the objection not fatal to the whole award; since the bond referred to by the arbitrators, appeared to have no connection with the matters in dispute between the parties. On the argument of that cause, as stated in the opinion of one of the judges, it was admitted by both parties, that no such bond, was in dispute between them, or submitted to the arbitra-

tors.    In the case at bar, no such admission was made: and if it had been, I do not know that we could judicially regard it : we should be looking out of the record for the grounds of our decision.    But however that may be, in the present case, the fair presumption is, from the extent and generality of the submission, that there was a bond, the delivery of which, by the plaintiff to the defendant, was the consideration, in whole or in part, for the money awarded to be paid by the defendant to the plaintiff. And if so, then upon principle and authority, as said by Sergeant Williams in his note, in *Pope* v. *Brett,* already cited, if owing to the uncertainty of the award, in one part, the party for whose benefit it was intended, cannot enforce the performance of that part of the award, against the other, then the whole ought to be considered null and void.    On this ground, I am of opinion, the judgment ought to be reversed.

*Judgment reversed.*